UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ARTHUR DEIANNI, as Trustee and
Chairman of the Board of Trustees of the
CWA/ITU Negotiated Pension Plan,

    Plaintiff,    Civil Action No.
  -against-

NOVAK CORPORATION, INC.

    Defendant.
-------------------------------------------------------------x

## COMPLAINT

  1.  This is an action by Arthur DeIanni ("Plaintiff"), in his capacity as Chairman of the Board of Trustees of the CWA/ITU Negotiated Pension Plan ("Plan") and a fiduciary of the Plan, on behalf of the Plan, to collect unpaid withdrawal liability owed to the Plan by defendant Novak Corporation, Inc. and to obtain information requested by the Plan. Plaintiff seeks payment of unpaid withdrawal liability, interest on those unpaid amounts, liquidated damages as provided by law, the attorneys' fees and costs of this action, injunctive relief to obtain the requested information and such other and further legal and equitable relief as the Court deems appropriate.

  2.  This Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(l), 502(f) and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), P.L. 93-406, as amended the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), P.L. 96-364, 29 U.S.C. §§ 1132(e)(l), 1132(f) and 1451(c), in that this is an action by a fiduciary of the Plan to enforce ERISA § 515, 29 U.S.C. § 1145, to compel an employer to pay withdrawal liability pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b), and to enforce the obligation of an employer to furnish information to a plan pursuant to ERISA § 4219(a), 29 U.S.C. § 1399(a).

3. Venue is based on the district in which the defendant resides and has done business, the Eastern District of New York, pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d).

4. Plaintiff Arthur DeIanni is a Trustee and Chairman of the Board of Trustees ("Board") of the Plan and a fiduciary of the Plan.

5. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), in that it was established by the International Typographical Union, AFL-CIO, now known as the Printing, Publishing and Media Workers Sector, CWA, AFL-CIO, an employee organization (hereinafter, "Union"), and is maintained for the purpose of providing its participants and beneficiaries with retirement income.

6. The Plan is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and 29 U.S.C. § 1301(a)(3), in that more than one employer is required to contribute to the Plan, and the Plan is maintained pursuant to collective bargaining agreements between the Union and its affiliated local unions and more than one employer.

7. The Board is the plan sponsor within the meaning of ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10).

8. The Plan, which is administered in Colorado Springs, Colorado, was established and is governed by an Agreement and Declaration of Trust dated as of September 8, 1966 (the "Trust Agreement").

9. The Trust Agreement provides that delinquent contributing employers shall be liable to the Plan for interest on the amount of delinquent contributions due the Plan at a rate equal to the prevailing prime interest rate plus two (2) percentage points and for liquidated damages in an amount equal to the greater of said interest or twenty percent (20%) of the unpaid contributions, as well as the Plan's attorney's fees and costs.

10. Defendant Novak Corporation, Inc. ("Employer"), at all relevant times, was a printing business that operated at 160 Grand Boulevard, Long Beach, New York, and was an "employer" under ERISA § 3(5), 29 U.S.C. § 1002(5).

11. CWA Local 1104 ("Local 1104") and Employer were parties to various collective bargaining agreements pursuant to which Employer was obligated to make contributions to the Plan.

## FIRST CLAIM FOR RELIEF: FOR COLLECTION OF UNPAID WITHDRAWAL LIABILITY

12. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. By letter dated September 4, 2012, Employer notified the Plan that it would not be renewing its collective bargaining agreement with Local 1104, and that May 2012 was its last month as a contributing employer to the Plan.

14. Effective on May 31, 2012, Employer permanently ceased to have an obligation to contribute to the Plan within the meaning of ERISA § 4203(a)(1), 29 U.S.C. § 1383(a)(1).

15. By letter dated September 18, 2012, the Plan assessed a complete withdrawal liability against Employer in the amount of $321,973 ("Assessment"), payable in eighty (80) quarter annual installments of $4,272, with the first installment due no later than sixty days after September 18, 2012.

11130760.3\C051985\2388668

16. Employer did not request a review of the Assessment under ERISA § 4219(b)(2)(A) and did not commence an arbitration proceeding pursuant to 29 U.S.C. § 1401(a) to challenge the Assessment or the schedule of payments.

17. After the Assessment was made, Employer failed to make the first installment payment owed to the Plan.

18. By letter dated November 30, 2012, the Plan notified Employer that if the first installment payment was not made by January 29, 2013, then the entire Assessment shall become immediately due and owing to the Plan.

19. The Employer did not make the first payment in December 2012 or January 2013 and the entire Assessment of $321,973 became immediately due and owing to the Plan on January 30, 2013.

20. In September 2013, the Plan and Employer entered into a Withdrawal Liability Agreement pursuant to which the Employer agreed to make certain quarterly payments to the Plan in order to satisfy the Assessment.

21. During the period October 4, 2013 through October 13, 2014, Employer made seven (7) installment payments of $4,272.00 each (for a total of $29,904) to the Plan, but then failed to make any additional payments under the Withdrawal Liability Agreement.

22. By letter dated August 13, 2015 sent by certified mail, return receipt requested, the Plan notified Employer of the company's failure to make the payments required under the Withdrawal Liability Agreement and notified Employer that if it did not cure this delinquency within sixty (60) days, the Plan would accelerate the obligations owed under the Withdrawal Liability Agreement.

23. Employer never cured its delinquency and Employer's obligations to the Plan under the Withdrawal Liability Agreement were accelerated effective as of October 12, 2015.

24. In June 2017, Employer remitted two checks to the Plan in the sum of $6,569.58, which the Plan credited to the Employer's outstanding delinquency to the Plan. The Employer has not made any additional payments to the Plan.

25. The Plan is entitled to payment from Employer on the balance of the Assessment and the monies owed under the Withdrawal Liability Agreement, which is $285,499.42, plus interest on $6,569.58 from October 12, 2015 through June 14, 2017 at the prime rate of interest plus two percent (2%), plus interest on $285,499.42 from October 12, 2015 through the date judgment is entered at the prime rate of interest plus two percent (2%), plus liquidated damages as prescribed in ERISA Section 502(g)(2)(C), and the Plan's attorney's fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF: COMPLIANCE WITH REQUEST FOR INFORMATION IN CONNECTION WITH COLLECTION OF UNPAID WITHDRAWAL LIABILITY

26. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. By a letter to the Employer dated June 22, 2017 ("June 22 Letter"), the Plan, through its counsel, requested pursuant to ERISA § 4219(a), 29 U.S.C. §1399(a), that Employer provide information by July 24, 2017, regarding the ownership of Employer and any of its affiliates in order for the Plan to determine what persons, in addition to Employer, are members of any controlled group that are liable for Employer's assessed withdrawal liability. A copy of the June 22 Letter is attached hereto as Exhibit A, and incorporated as if fully set forth herein.

28. The Employer has failed and refused to provide any of the information requested in the June 22 Letter.

WHEREFORE, Plaintiff demands that judgment be entered against Employer as follows:

1. Awarding to the Plan pursuant to ERISA §§ 4301(b), 502(a)(3) and 515, the following:

    a. withdrawal liability in the amount of $285,499.42; and

    b. interest on $6,569.58 from October 12, 2015 through June 14, 2017 at the prime rate of interest plus two percent (2%), plus interest on $285,499.42 from October 12, 2015 through the date judgment is entered at the prime rate of interest plus two percent (2%);

    c. liquidated damages as prescribed in ERISA Section 502(g)(2)(C); and

    d. reasonable attorneys' fees and costs of this action incurred by the Plan.

2. Enjoining Employer to provide information regarding the ownership of the Employer and any of its affiliates as requested in the Plan's letter to the Employer dated June 22, 2017.

3. Granting to the Plan such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    BRYAN CAVE LLP

    By: /s/ Jay P. Warren
    Jay P. Warren
    1290 Avenue of the Americas
    New York, New York 10104
    212-541-2000 (phone)
    jpwarren@bryancave.com
    *Attorneys for Plaintiff*

New York, New York
January 18, 2018

11130760.3\C051985\2388668